UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLYDE ADAM COURTNEY                         CIVIL ACTION

VERSUS                                      NUMBER: 10-01622

OTIS TAYLOR                                 SECTION: "N"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Clyde Adam Courtney, against defendant, Otis Taylor, the Warden of the Bogalusa City Jail ("BCJ"). (Rec. doc. 1).[1] Plaintiff, an inmate of BCJ at the time that suit was filed, complained of the adequacy of the medical care and various other conditions of confinement allegedly existing at that correctional facility. (Rec. doc. 1, pp. 3-5).

After being served with and filing an answer to plaintiff's complaint, on September 21, 2010, the defendant filed a motion for

---

[1] This action was originally filed in the United States District Court for the Western District of Louisiana but was subsequently transferred to this Court based upon venue considerations. (Rec. doc. 2).

a Rule 7(a) reply pursuant to the authority of Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995)(en banc). (Rec. doc. 10). On that same day defendant advised the Court that plaintiff had been released from BCJ. (Rec. doc. 11). The Warden further advised the Court that plaintiff did not provide jail officials with a forwarding address at the time of his release so the Court was furnished with plaintiff's last known address which was obtained from his booking records. (Id.). On September 27, 2010, the Court ordered plaintiff to file a response to defendant's motion for Rule 7(a) reply on or before October 13, 2010, following which the motion would be taken under advisement. (Rec. doc. 12). The Court also issued its standard Briefing Order directing plaintiff to file in the record of this proceeding, on or before October 28, 2010, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. doc. 13).

Despite being ordered to do so, plaintiff filed no response to defendant's motion for Rule 7(a) reply which the Court granted on October 21, 2010, ordering plaintiff to file such a reply responding to the Warden's assertion of qualified immunity on or before November 12, 2010. (Rec. doc. 14). As of today's date, no Rule 7(a) reply has been forthcoming from plaintiff. Nor has plaintiff furnished the Court with the information required by the

Briefing Order.  Finally, despite the Court being notified on September 21, 2010 that plaintiff had been released from BCJ, plaintiff has not apprised the Court of his current mailing address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  Markwall v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Furthermore, Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change."

Plaintiff in the present case has failed to file a Rule 7(a) reply as was ordered by the Court, has failed to provide the Court with the information sought by the Briefing Order, and has failed

to keep the Court apprised of his current mailing address. The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in the matter, these failures are attributable to him alone.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 22nd day of November, 2010.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4